# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CASE NO.: 1:22-cr-00386-JRA-2 |
| | ) |
| Plaintiff, | ) **JUDGE JOHN R. ADAMS** |
| | ) |
| vs. | ) |
| | ) |
| **CURTIS ANDERSON**, | ) <u>**DEFENDANT'S TRIAL BRIEF**</u> |
| | ) |
| Defendant. | ) |

Now comes the Defendant, Curtis Anderson, by and through undersigned counsel, and respectfully submits the attached trial brief.

                                                               Respectfully submitted,

                                                                */s/ Michael J. Goldberg*_____
                                                                **Michael J. Goldberg (0040839)**
                                                                **THE GOLDBERG LAW FIRM, LLC**
                                                                 323 W Lakeside Avenue, Ste 450
                                                                 Cleveland, OH 44113
                                                                  Tel: (216) 696-4514
                                                                  Fax: (216) 781-6242
                                                                  goldberg@goldberg-lawfirm.com
                                                                  *Attorney for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on October 5, 2023, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               /s/ *Michael J. Goldberg*
                                               Michael J. Goldberg (0040839)
                                               *Attorney for Defendant*

## **TRIAL BRIEF**

1. The Defendant has pled not guilty to the sole count of the indictment, to wit, Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C § 846. The Defendant is presumed not guilty until proof is adduced beyond a reasonable doubt as to each element of the offense charged.

2. Defendant intends to enter into stipulations with the Government as to drug identity and weight and document authenticity.

3. The Defendant anticipates that supplemental jury instructions in addition to standard boiler plate jury instructions are necessary. The Government and the Defendant have stipulated to almost all necessary jury instructions.

4. The length of the trial in this matter will be determined by the number of witnesses called by the Government and will probably take no more than three full days of testimony.

5. The Defendant has set forth a complete discussion of the controlling law with specific citations to case law, which is attached hereto.

Respectfully submitted,

*/s/ Michael J. Goldberg*_____
**Michael J. Goldberg (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 W Lakeside Avenue, Ste 450
Cleveland, OH 44113
Tel: (216) 696-4514
Fax: (216) 781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

## MEMORANDUM IN SUPPORT

### I. Statement of Facts

On June 18, 2021, TSA officers at Cleveland Hopkins International Airport discovered $154,850 in cash inside a desktop computer in the checked luggage of codefendant Earl King. Following the discovery, TSA notified the Cleveland Police Department. Police subjected the currency to a sniff by a drug-detecting dog. The dog alerted, indicating that it detected the odor of narcotics. On July 1, 2021, Homeland Security Investigations assisted the Ohio probation and Parole office with executing a search warrant of Earl King's residence at 15403 Puritas Ave. Apt. 6, Cleveland Ohio. Multiple cell phones were seized during the search. In a subsequent search of these phones, law enforcement found various text messages to Defendant, Curtis Anderson. Mr. Anderson was later charged in an indictment with one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C § 846.

### II. STATEMENT OF THE CASE

Mr. Anderson has pled not guilty to the sole count of the indictment. The evidence adduced at trial will demonstrate that Mr. Anderson did not knowingly violate the statute for which he has been indicted. Mr. Anderson did not conspire to traffic in narcotics. This matter is scheduled to proceed to jury trial on October 16, 2023.

### III. LEGAL ISSUES

#### A. Existence of a Conspiracy

To sustain a conviction for conspiracy under 21 U.S.C. § 846, the Government must prove: (1) an agreement to violate drug laws, in this case 21 U.S.C. § 841; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Robinson*, No. 09-

4

3876 (6th Cir. Jul. 08, 2011). Each convicted conspirator must have had knowledge of the goal of the conspiracy, to sell cocaine. *Id*.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the same place where a crime takes place or is discussed, or even knowing about criminal conduct does not, in and of itself, make someone a member of a conspiracy or a conspirator. *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994). Mere assistance to a conspirator is also insufficient to establish participation in a conspiracy. *United States v. Davenport*, 808 F.2d 1212 (6th Cir. 1987).

A conspiracy cannot be proved solely by family relationship or other types of associations. Mere similarity of conduct among various persons and the fact that they have associated with or are related with each other does not establish the existence of a conspiracy. *United States v. White*, 569 F.2d 263, 268 (5th Cir. 1978).

A conspiracy requires: (a) An object to be accomplished; (b) a plan or scheme embodying means to accomplish that object; and (c) an agreement or understanding by two or more of the defendants whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement, or by any effectual means. *United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999); *United States v. Bostic*, 480 F.2d 965, 968 (6th Cir. 1973).

Finally, the government must prove that the Defendant was aware of the object of the conspiracy and that he voluntarily associated himself with it to further its objectives. *United States v. Hodges*, 935 F.2d 766, 772 (6th Cir. 1991).

### B. Potential Evidentiary Issues

1. Admission of Co-conspirator Statements

Defendant anticipates the Government will attempt to introduce co-conspirator statements in the form of text messages in this trial under Fed. R. Evid. 801(d)(2)(E). Specifically, Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay where it is offered against an opposing party and "was made by the party's co-conspirator during and in furtherance of the conspiracy." In order to satisfy Fed. R. Evid. 801(d)(2)(E), three foundational requirements must be satisfied "by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in the course of and in furtherance of the conspiracy." *United States v. Brown*, 6th Cir. No. 97-1618, 2000 U.S. App. LEXIS 14522 at *19 (June 20, 2000) citing *United States v. Mack*, 159 F.3d 208, 215 (6th Cir. 1998). See also *United States v. Conrad*, 507 F.3d 424 (6th Cir. 2007). Statements in furtherance of a conspiracy have been defined to include statements to promote the objectives of the conspiracy. *United States v. Henderson*, 307 F. App'x 970, 977 (6th Cir. 2009). Statements have also been determined to be in furtherance of a conspiracy when the "identify other co[-]conspirators and the roles, apprise other co[-]conspirators of the status of the conspiracy, or indicate the 'source or purchased of the controlled substances.'" *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009) quoting *United States v. Hitow*, 889 F.2d 1573, 1581 (6th Cir. 1989). It has been held that "mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy." *Warman* at 338, quoting *United States v. Darwich*, 337 F.3d 645, 657 (6th Cir. 2003). There is a limit to what is admissible as a statement in furtherance of a conspiracy and the context of the statement and the intent must be considered. *United States v. Conrad*, 507 F.3d 424, 431 (6th Cir. 2007).

The co-conspirator statements at issue in this matter do not fall within Fed. Evid. R. 801(d)(2)(E) and are therefore inadmissible hearsay. The Government will not be able to prove by a preponderance of the evidence that a conspiracy existed or that Mr. Anderson was a member of the conspiracy. Assuming arguendo that the first two prongs are satisfied, the co-conspirator statements at issue were not made "in the course of and in furtherance of the conspiracy." *Id.* The co-conspirator statements at issue in this matter do not fall within the Fed. Evid. R. 801(d)(2)(E) exclusion and are therefore inadmissible hearsay.

2. Other-Acts Evidence

Defendant anticipates the Government will seek to introduce evidence of other acts by the Defendant, specifically his online activity. Any evidence of other acts by the Defendant, not set forth in the indictment, are not relevant under any exception to Fed. R. Evid. 404(b), and should be excluded. A three-step inquiry is required by the district court to determine whether Fed. R. Evid. 404(b) evidence of other acts is admissible. *Unites States v. Bell*, 516 F.3d 432, 440-41 (6th Cir. 2008).

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Fed. R. Evid. 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative. *Id.* quoting,

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004).

In order to be admissible for the proper purpose, the evidence sought to be introduced "must be probative of a material issue other than character." *Bell* at 441, quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004). A three-step inquiry must be undertaken to determine if "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or in issue, and (3) the evidence is probative with regard to the purpose for

7

which it is offered." *Id.* at 441, 442 quoting *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007). Additionally, in order for evidence of other acts to be admitted, the Government must identify the specific purpose for which the evidence is being offered. *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996).

The trial court has the duty to determine whether the prejudicial effect of the evidence sought to be introduced would substantially outweigh the probative value. *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). Notwithstanding this Court's decision as to the probative value of the other-acts evidence, the introduction of the proposed evidence would still be subject to Fed. R. Evid. 403. Because this material would be unfairly prejudicial to the Defendant and be confusing and misleading to the jury it should be excluded. Due to the minimal probative value of the evidence of the other acts and the extreme potential for unfair prejudice, Fed. R. Evid. 403 mandates the exclusion of the evidence at trial. Fed. R. Evid. 403 specifies the circumstances under which a trial court is required or permitted to exclude relevant evidence. Specifically, Fed. R. Evid. 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this trial, the Government will attempt to demonstrate certain other activity on the Defendant's phone was concerned with illegal drugs. Such activity is not probative of the Defendant's conduct and would be clearly unduly prejudicial to the Defendant.

8

Respectfully Submitted,

*/s/Michael J. Goldberg*

**MICHAEL J. GOLDBERG, ESQ.**