IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CASE NO.: 1:22-cr-00386 |
| | ) |
| Plaintiff, | ) **JUDGE JOHN R ADAMS** |
| | ) |
| vs. | ) |
| | ) |
| **CURTIS ANDERSON**, | ) <u>**DEFENDANT'S OBJECTIONS TO PSIR**</u> |
| | ) <u>**& SENTENCING MEMORANDUM**</u> |
| | ) |
| Defendant. | ) |

 Now comes the Defendant, Curtis Anderson, by and through the undersigned counsel, and hereby submits the attached Sentencing Memorandum, incorporated by reference herein. For the reasons set forth in the Memorandum, Defendant asks that the Court impose a sentence at the low end of his properly calculated guideline range.

              Respectfully submitted,

              /s/ *Michael J. Goldberg*
              Michael J. Goldberg (0040839)
              Goldberg Dowell & Associates, LLC
              323 Lakeside Avenue, Suite 450
              Cleveland, OH 44113
              Tel: 216-696-4514
              Fax: 216-781-6242
              Email: goldberg@goldberg-lawfirm.com
              *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 13, 2024, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    /s/ *Michael J. Goldberg*
                                    Michael J. Goldberg (0040839)
                                    *Attorney for Defendant*

**MEMORANDUM**

I. **Statement of the Case**

On July 14, 2022, Defendant was charged in a one-count indictment with Conspiracy to Possess with Intent to Distribute Cocaine in violation of 18 U.S.C. §§ 841 & 846. On October 24, 2023, the Defendant was found guilty following a jury trial. Following the verdict the Court ordered the preparation of a presentence investigation report (PSIR). This matter is set for sentencing on February 20, 2024.

II. **Law and Argument**

**a. PSIR Guideline Calculations**

**Base Offense Level: 32** (Objection)
U.S.S.G. § 2D1.1(c)(4)

**Adjustment – Leadership Role:** + 4 (Objection)

**Specific Offense Characteristic: Importing Controlled Substance: +2** (Objection)
U.S.S.G. § 2D1.1

**Final Offense Level: 38**

**Criminal History: III**
U.S.S.G. § 5A

**Guideline Range: 292-365 Months**

b. **Objection to PSIR Guideline Calculation**

i. **Drug Weight Calculation**

The PSIR bases its drug weight calculation on the amount of drugs found in one seized parcel, and a photograph of another parcel that was never seized. The report extrapolates the weight of other parcels that were tracked by Mr. Anderson's IP address from this data to arrive at the final weight used to calculate Mr. Anderson's base offense level. This is insufficient to prove the actual drug weight Mr. Anderson is responsible for by the preponderance of the evidence.

3

Under application note 5 to U.S.S.G. § 2D1.1, where the amount of drugs seized does not reflect the scale of the offense, the court shall approximate the quantity of controlled substance. While the approximations do not have to be exact, "the court's underlying factual findings cannot be predicated on surmise and conjecture." *U.S. v. Burk*, No. 18-1361 (2d Cir. Aug. 28, 2019), citing *U.S. v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993). Instead, the court must rely on specific evidence such as drug records, admissions, or live testimony. *Id*.

The Second District Court of Appeals confronted a similar situation in *Shonubi* 998 F.2d. There, the defendant was arrested at an airport after arriving from Lagos, Nigeria, and was found to have hidden 427 grams of narcotics in his digestive tract. Law enforcement learned that Shonubi had made seven prior trips to the United States from Nigeria. At sentencing, the Judge multiplied the 427 grams by eight, and imposed a sentence based on a quantity of 3,419 grams. The Court of Appeals reversed, holding that the district court's calculation was not supported by specific evidence of the weight of drugs, if any, that Shonubi had carried on his previous trips to the United States. The PSIR makes the same error by assuming that all parcels within a range of weights (which may vary by over a kilogram) must contain the same amount of narcotics. It is also unclear how the weight of a package was inferred from a photograph. Absent specific evidence as to the weight of any other drug parcel, the Court should only sentence Defendant based on the weight of drugs actually seized, 10.977 grams. With this drug weight, his base offense level would be 30 under U.S.S.G. § 2D1.1(C)(5).

    **ii.**    **Leadership Role**

Defendant objects to the adjustment for his role in the offense under U.S.S.G. § 3D1.1. In determining whether a defendant deserves a role adjustment, courts must consider the following factors: the exercise of decision making authority, the nature of participation in the commission

4

of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3D1.1 commentary note 4. Here, none of these factors clearly favor an upward role adjustment. There is no evidence that Mr. Anderson exercised any decision-making authority, that his level of participation was any greater than any other participants, that he recruited anyone to take part in criminal activity, or that he was entitled to a larger share of the profits of the conspiracy than anyone else. Mr. Anderson truly did what Mr. King asked of him. If information was passed from Mr. Anderson it was to report on the tracking of a package. What emerged during trial was that Mr. Anderson aided and abetted Mr. King to make travel arrangements and track parcels. Otherwise, Mr. Anderson acquired drugs from Mr. King on his own account. Mr. Anderson was not a leader of this conspiracy in any respect.

Further, there is scant evidence that the conspiracy involved five or more participants. Beyond Anderson, King, Galindo-Salinas, and Gochett, the other individuals mentioned at paragraph 28 of the PSIR are individuals whose names were mentioned in passing in text messages between conspirators. This is an insufficient basis to conclude that these individuals were participants in the criminal activity Mr. Anderson has been convicted of.

The PSIR argues that even if there were fewer than five participants, the scheme was otherwise extensive because it involved smuggling nearly 50 kg of cocaine across the US-Mexico border, and then shipping it to Cleveland. According to the Sixth Circuit Court of Appeals, however, whether a conspiracy is "otherwise extensive" does not depend on the weight of drugs involved, or the distance the drugs travelled. Rather, a conspiracy is otherwise extensive when "the combination of knowing participants and non-participants in the offense is the

5

functional equivalent of an activity involving five criminally responsible participants." *United States v. Anthony*, 280 F.3d 694, 699 (6th Cir. 2002). Even under this definition, there is insufficient evidence to conclude by the preponderance of the evidence that there were five knowing or unknowing participants. The Court therefore should not give Mr. Anderson a leadership role.

### iii. Importing Controlled Substance

Defendant also objects to the PSIR's application of a two-level increase for importing a controlled substance under U.S.S.G. § 2D1.1(b)(16)(c). This applies only where the Defendant receives a role adjustment, which, as argued above, Mr. Anderson should not.

Even assuming that a leadership role adjustment is appropriate, the specific offense characteristic for importing controlled substances should still not apply. As the PSIR states, it was Mr. Anderson's co-conspirators who imported cocaine into the United States from Mexico, and not Mr. Anderson himself. The PSIR nevertheless applies the enhancement, because it was reasonably foreseeable to Mr. Anderson this conduct would occur. The Court of Appeals for the Eleventh Circuit rejected this interpretation in *United States v. Rodriguez*, No. 19-13914, * 4 (11th Cir. Jun. 17, 2020). In *Rodriguez*, the court held the requirement under U.S.S.G. § 2D1.1(b)(16)(c) that the defendant be *directly* involved in importation meant that the enhancement could only apply based on the defendant's own conduct, and *not* where the conduct was merely reasonably foreseeable to the defendant. This is logical given that zero cocaine is produced in the United States and 100% of the cocaine consumed in the United States comes from outside the United States.

The PSIR notes that in *Rodriguez*, the court ultimately found the issue to be harmless error, because the district court stated its sentence would be appropriate even without the adjustment

6

for importing controlled substances. However, in finding harmless error, the court of appeals in no way retreated from its core holding that this adjustment should only apply to the defendant's direct conduct, rather than the conduct of co-conspirators. The PSIR does not seems to dispute that Mr. Anderson is not personally responsible for bringing drugs across the border. The enhancement therefore should not apply to Mr. Anderson.

### c. Defendant's Guideline Calculations

**Base Offense Level: 30**
U.S.S.G. § 2D1.1(c)(4)

**Final Offense Level: 30**

**Criminal History: III**
U.S.S.G. § 5A

**Guideline Range: 121-151 Months**

### d. Sentencing Considerations

18 U.S.C. § 3553(a) sets forth factors that district courts must consider at sentencing:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The advisory guideline range;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities;

7. The need to provide restitution to any victims of the offense.

In this case, these factors are mitigating and support imposition of a low-end guideline sentence.

### i. Defendant's History and Characteristics

Mr. Anderson was born in 1970 in Cleveland, Ohio. His parents were never married, and his father was murdered in 1980. Mr. Anderson was raised by his mother and has few memories of his father. He grew up in a neighborhood where drugs and alcohol were prevalent. He was assaulted on multiple occasions as a child while walking home from school. In 2004, Mr. Anderson and his brother were attacked in a shooting. Mr. Anderson was able to escape, but his brother was shot, and has been paralyzed form the neck down since then. Mr. Anderson has struggled with the guilt he feels about having gotten away while his brother was injured. He has spent a lot of time helping to care for his disabled brother.

Mr. Anderson has been diagnosed with anxiety, schizophrenia, and post-traumatic stress disorder. After the shooting of his brother, Mr. Anderson's ptsd became worse, and made it difficult for him to leave the house or make friends.

Mr. Anderson reports an addiction to Percocet. He was originally prescribed this drug legally for pain management, but began buying Percocet illegally when his prescribed supply ran out.

Mr. Anderson completed the tenth grade, but never finished high school. While in school, he was in special education classes. He earned a GED in 2009 while incarcerated.

### III. Conclusion

For the foregoing reasons, Defendant asks this Court to set his offense level at 30, and impose a sentence at the low end of the corresponding guideline.

Respectfully submitted,

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)
*Attorney for Defendant*

9